# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 1:18-cv-00312-RM-KLM

ADVANTAGE SALES &
MARKETING LLC,

        Plaintiff,

   v.

HAROLD GOLD,
JOSEPH MARONICK III,
DEBORAH CHAPMAN,
KATHLEEN GARNER, and
KEVIN HAWKINS.

        Defendants.

---

## STIPULATED PERMANENT INJUNCTION
---

AND NOW, this 14th day of March, 2018, by consent of Plaintiff Advantage Sales & Marketing LLC ("Plaintiff" or "Advantage") and Defendants Harold Gold, Joseph Maronick III, Deborah Chapman, Kathleen Garner, and Kevin Hawkins (collectively, "Defendants"),

WHEREAS, on February 8, 2018, Advantage brought this action against Defendants asserting breach of contract, misappropriation of trade secrets, breach of the duty of loyalty, civil conspiracy, unfair competition, tortious interference with contract, and requesting injunctive relief; and

WHEREAS, as a means of resolving this matter in a mutually satisfactory manner, having consulted with counsel of their own choosing, Advantage and Defendants agree that the Court shall enter herewith a permanent injunction as follows:

**IT IS HEREBY ORDERED THAT:**

1.  Through and including September 13, 2019, Defendants are hereby enjoined, directly or indirectly, and whether alone or in concert with others, from:

(a) with respect to services, products, or activities which compete in whole or in part with services, products, or activities of Advantage, soliciting, calling upon, accepting business from or providing any services to any client or customer, or prospective client or customer with whom any of the Defendants had contact concerning their new business, including Mancini Sales and Marketing Denver LLC, prior to Defendants resignation from Advantage, including but not limited to any client or customer, or prospective client or customer who received a pre-resignation letter from Defendants such as the letter attached as Exhibit J to the Complaint;

(b) soliciting or accepting any business from, or initiating any further contact or communication with, for the purpose of soliciting or providing any services, products, or activities which compete in whole or in part with services, products, or activities of Advantage, any client or customer of Advantage, including but not limited to any clients or customers Defendants "represented, called on, conducted business with, or developed a business relationship with during" their employment, and further including but not limited to any clients or customers who have terminated their contracts with Advantage, and including for the purpose of notifying clients or customers of their new employment or of inviting, encouraging, or requesting clients or customers to divert business from Advantage; and

(c) using, disclosing, or transmitting for any purpose, including the solicitation or conducting of business or initiation of any contact with Advantage clients or customers, for the purpose of soliciting or providing any services, products, or activities which compete in whole or in part with services, products, or activities of Advantage, the information contained in the records of Advantage, or other information pertaining to Advantage clients or customers, including, but not limited to, proprietary prospect, client, and customer lists and related information; sales, marketing, business and promotional strategies, plans, and programs; and confidential financial and accounting information, profit margins, business plans, and forecasts; and

(d) destroying, erasing or otherwise making unavailable for further proceedings in this matter, any records or documents (including data or information maintained in computer files or other electronic storage media) in Defendants' possession or control which were obtained from, or contain information derived from, any Advantage records, which pertain to Advantage's clients or customers, or which relate to any of the events alleged in the Complaint in this action; and

(e) owning, engaging in, managing, operating, consulting with, or providing services of any nature, either directly or indirectly, on their own behalf or in the service or on behalf of others, as an owner, employee, manager, independent contractor, agent, representative, or consultant, or in any other capacity which involves brokerage duties and responsibilities similar to those Defendants have undertaken for Advantage with a Competing Business.  Competing Business

means any business organization of whatever form engaged in any business or enterprise providing any brokerage related services in the food service and pre-packaged food industry, and includes, without limitation, Mancini and Groesbeck, Inc.; CROSSMARK, Inc.; Acosta, Inc.; Ultimate Sales & Services, LLC; Mueller-Yurgae Associates; and their respective subsidiaries and affiliates. This paragraph does not prohibit Defendants from working for manufacturers that are or may become Advantage's clients or customers, so long as Defendants are not engaged in brokerage duties and responsibilities similar to those Defendants have undertaken for Advantage, and they otherwise comply with this Stipulated Permanent Injunction.

2. The Defendants, and anyone acting in concert or participation with them, and any officer, agent, employee and/or representative of Defendants' new employer, are to provide to Advantage's counsel any and all records or information pertaining to Advantage's clients, customers, or its business, and/or which were obtained by Defendants as a result of their employment with Advantage, whether in original, copied, handwritten or any other form, and purge any such records and information from their possession, custody, or control, within 24 hours of notice to Defendants or Defendants' counsel of the granting of this Stipulation by the Court;

After providing the foregoing records and information to Advantage, Defendants shall permanently purge, destroy, and delete any such records or information from their (or anyone acting in concert with them) possession, custody, or control, within seven (7) days. Records and information in electronic form shall be permanently deleted in such a manner so as to ensure they

cannot be retrieved after deletion.  Upon completion of the requirements of this paragraph, each of the Defendants shall confirm to Advantage in writing under oath they have fully complied.

3.     This Court shall retain jurisdiction to enforce the terms of this Stipulated Permanent Injunction.

4.     The Clerk is instructed to administratively close this case following entry of this Stipulated Permanent Injunction.  Advantage and the Defendants agree that any breach of this Stipulated Permanent Injunction shall constitute good cause to reopen this case.

**SO ORDERED.**

DATED this 14th day of March, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge